UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH ARUANNO,**<br><br>Petitioner,<br><br>v.<br><br>**STATE OF NEW JERSEY,**<br><br>Respondent. | Case No. 25–cv–09881–ESK<br><br>OPINION |

**KIEL, U.S.D.J.**

    Petitioner Joseph Aruanno filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Petition). (ECF No. 1.) I administratively terminated the Petition on June 27, 2025 as petitioner had not paid the $5.00 filing fee or submitted an application to proceed *in forma pauperis*. (ECF No. 3.) I further noted that the Petition was not on the form required by Local Civil Rule 81.2(a). (*Id.*)

    On July 28, 2025, petitioner submitted an amended petition on the correct form (Amended Petition). (ECF No. 4). He also submitted an *in forma pauperis* application (Application). (ECF No. 4–1.) I have reviewed the Application and conclude that petitioner satisfies the requirements to proceed *in forma pauperis*. Therefore, I will grant the Application and will direct the Clerk to file the Amended Petition.

    Pursuant to Habeas Rule 4, a judge assigned to a § 2254 petition "must promptly examine it. If it plainly appears from the [Amended Petition] and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the [Amended Petition] and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4.

Habeas Rule 2 provides in relevant part that a petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." 28 U.S.C. § 2254 Rule 2(c)(1)–(2). "Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (internal quotation marks omitted). "Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" *Id.* "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243.)

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The United States Court of Appeals for the Third Circuit has found summary dismissal without the filing of an answer warranted where none of the grounds alleged in the petition would entitle the petitioner to habeas relief, *see United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000), or the petition contains vague and conclusory allegations, *see United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988).

The Amended Petition is legally insufficient on its face. Petitioner has not complied with Habeas Rule 2 because he has not specified all the grounds for relief or stated the facts supporting each ground. Instead, petitioner submitted a letter requesting the assistance of an unidentified "innocence organization." (ECF No. 4 p. 11.) At a glance, the letter asserts that the victim failed to identify petitioner as the assailant, the jury found petitioner guilty before the trial started, the trial court did not hold pretrial motion hearings, and petitioner's trial counsel gave ineffective assistance. (*Id.*)

However, it is not clear to me that those are in fact the claims petitioner wishes to assert pursuant to § 2254 because his Application only lists his claims that the victim did not identify him and that the jury prejudged his guilt. (ECF No. 4–1 p. 2.) "[I]t is not incumbent on the Court to search through [p]etitioner's various filings in order to determine what arguments he wishes the Court to review. The Habeas rules require [p]etitioner to clearly state his arguments to the Court in the manner set forth on the Clerk's form." *Avila v. Att'y Gen. of New Jersey*, No. 18–cv–9422, 2023 WL 2678890, at *6 (D.N.J. Mar. 29, 2023).

Petitioner has not supported all of his claims with factual allegations. For example, it is unclear what he means in asserting that the jury found him guilty before trial began. Nor does he identify which pretrial motions should have been scheduled for a hearing. (ECF No. 4 p. 11.) Crucially, petitioner has not set out the basis for his ineffective assistance of counsel claim by specifying what alleged errors counsel made or how those alleged errors prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984). As a result, he has not satisfied Rule 2's pleading standards.

I will permit petitioner to submit an addendum to the Amended Petition within 60 days of this Opinion and Order. The addendum must set out each claim for relief separately, along with the supporting facts for each. I will dismiss the Amended Petition pursuant to Rule 2 if petitioner does not submit the addendum within that time.

I must also consider petitioner's request for the appointment of a guardian *ad litem*. (ECF No. 4 p. 4.) "[I]t is the federal district court's obligation to issue an appropriate order 'to protect a minor or incompetent person who is unrepresented in an action.'" *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) (quoting Fed. R. Civ. P. 17(c)(2)). However, "a district court need not inquire *sua sponte* into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental

3

incapacity." *Id.* I must only undertake a Rule 17(c) evaluation when "there is verifiable evidence of incompetence." *Id.*

Petitioner cites his civil commitment as such evidence, (ECF No. 4 p. 4), "but the commitment is based on a finding that he suffers from a mental abnormality or personality disorder that makes him highly likely to commit a sexually violent offense, not that he is legally incompetent. And any opinion that he holds about his own competence (or lack thereof) is not verifiable evidence." *Aruanno v. Internal Revenue Serv.*, No. 23–2630, 2024 WL 686153, at *2 (3d Cir. Feb. 20, 2024) (internal quotation marks and citations omitted). Petitioner is a frequent filer in this District, and "to the knowledge of this Court, no court has found Aruanno legally incompetent. This Court cannot say that there is 'verifiable evidence' indicating that Aruanno is an 'incompetent person' within the meaning of Rule 17(c)." *Aruanno v. Velez*, No. 12–cv–00152, 2012 WL 1232415, at *3 n. 2 (D.N.J. Apr. 12, 2012), *aff'd*, 500 F. App'x 126 (3d Cir. 2012). Therefore, I will deny petitioner's request for a guardian *ad litem*.

An appropriate Order accompanies this Opinion.

  /s/ Edward S. Kiel
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: August 12, 2025