# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH ARUANNO,** | **Case No. 25–cv–09881–ESK** |
| **Petitioner,** | |
| **v.** | |
| **STATE OF NEW JERSEY,** *et al.*, | **OPINION** |
| **Respondents.** | |

**KIEL, U.S.D.J.**

Petitioner Joseph Aruanno is proceeding on an amended petition for writ of habeas corpus under 28 U.S.C. §2254 (Amended Petition) challenging his 1999 state court conviction entered by the Superior Court of New Jersey, Law Division, Cape May County.  (ECF No. 4.)   Respondents State of New Jersey and the Attorney General of the State of New Jersey move to dismiss the Amended Petition as time-barred (Motion).   (ECF No. 13.)   Petitioner objects to the Motion.   (ECF No. 23.)[1]

Petitioner has an extensive litigation history in this District, so I will only recite the procedural history that is necessary to resolve the Motion.   On January 8, 1997, a Cape May County grand jury issued Indictment No. 97–01–00016–I, charging petitioner with second-degree sexual assault, N.J.S.A. 2C:14–2(b); and third-degree endangering the welfare of a child, N.J.S.A. 2C:24–4(a).   (ECF No. 13–2.)   Petitioner was convicted of the sexual assault charge and acquitted of the endangering charge.   (ECF No. 13–4 pp. 70, 71.)   On February 5, 1999, the trial court sentenced petitioner to 10 years

---

[1] Petitioner also submitted a "motion" objecting to the extension granted to respondents (Extension Motion).   (ECF No. 26.)   That motion will be dismissed as I lack jurisdiction over the Amended Petition.

imprisonment with five years of parole ineligibility.   (ECF No. 13–6 p. 2.)   He also received community supervision for life under Megan's Law, N.J.S.A. 2C:43–6.4.   (*Id.*)

The New Jersey Superior Court, Appellate Division (Appellate Division) affirmed petitioner's conviction and sentence on October 9, 2001.  *State v. Aruanno*, No. A–4188–98T4 (N.J. Super. Ct. App. Div. Oct. 9, 2001); (ECF No. 13–8).   The New Jersey Supreme Court denied certification on February 14, 2002.   (ECF No. 13–9.)

Petitioner filed a habeas corpus petition in this District on May 20, 2002. *Aruanno v. Sherrer*, No. 02–cv–02446 (D.N.J. filed May 20, 2002) (First Petition).[2]   District Judge Jerome B. Simandle advised petitioner of his rights pursuant to *Mason v. Meyers,* 208 F.3d 414 (3d Cir.2000) on July 22, 2002 and September 18, 2002.  (First Petition, ECF Nos. 3, 9.)   The First Petition contained exhausted and unexhausted claims, and Judge Simandle denied the First Petition on its merits on December 27, 2005.  (*Id.*, ECF No. 38.) Petitioner filed an appeal with the United States Court of Appeals for the Third Circuit.   (*Id.*, ECF No. 40.)   The Third Circuit affirmed the dismissal on May 12, 2008.   *Aruanno v. Sherrer*, 277 F. App'x 155 (3d Cir. 2008).

Petitioner continued litigating his convictions and subsequent civil commitment, filing a second habeas petition on September 16, 2013.   *Aruanno v. New Jersey*, No. 13–cv–05704 (D.N.J. filed Sept. 16, 2013) (Second Petition). District Judge William J. Martini dismissed the Second Petition as an unauthorized second or successive habeas petition on October 8, 2013.   (Second Petition, ECF No. 3.)   Petitioner appealed.  (*Id.*, ECF No. 5.)   The Third Circuit agreed the Second Petition was not authorized and declined to grant petitioner permission to refile as his "new claims [did] not meet the

---

[2] I take judicial notice of the prior proceedings.

2

requirements of" 28 U.S.C. § 2244." *Aruanno v. New Jersey*, No. 13–4256 (3d Cir. Feb. 27, 2014).

In the current proceedings, respondents seek to dismiss the Amended Petition as time-barred, but I must dismiss it as an unauthorized second or successive § 2254 petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Rule 9 of the Rules Governing Section 2254 Proceedings, entitled "Second or Successive Petitions," similarly provides: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." 28 U.S.C. § 2254 Rule 9. Absent this authorization, district courts lack jurisdiction over any second or successive § 2254 petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place.")

The Amended Petition raises six claims. The first claim challenges petitioner's most recent state post-conviction relief (PCR) proceedings wherein the PCR court refused to hold evidentiary hearings. (ECF No. 7 p. 2.) Even if I had jurisdiction to consider this argument, challenges to state collateral review proceedings are not cognizable in federal habeas. *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("[T]the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation." (emphasis in original).)

3

Claims two through five are challenges to petitioner's criminal trial.    He argues the trial court did not permit him to file pretrial motions and that the jury had stated its intent to find petitioner guilty before trial, (ECF No. 4 p. 3); the victim told the trial court and jury that petitioner did not assault her and did not identify him as her assailant in court, (*id.* p. 4); the trial court did not permit petitioner to play his recorded statement during trial, (*id.* p. 5); and that any delays in his proceedings were attributable to ineffective assistance of counsel, (*id.* p. 6).    Finally, he states that he is entitled to an appointed guardian ad litem.    (*Id.* p. 7.)[3]

Accordingly, the Amended Petition challenges the same state court conviction that was the subject of the First and Second Petitions, and there is no indication that petitioner has received permission from the Third Circuit to file a second or successive petition.    Therefore, I lack jurisdiction over the Amended Petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.    I find that it is not in the interests of justice to transfer the Amended Petition to the Third Circuit.    The Third Circuit previously declined to permit petitioner to file a second or successive petition after concluding that he did not satisfy the requirements of § 2244.    *Aruanno v. New Jersey*, No. 13–4256 (3d Cir. Feb. 27, 2014).    I conclude the same rationale applies and will decline to transfer the Amended Petition.

Accordingly, the Amended Petition and Motion will be dismissed for lack of jurisdiction.    I will not issue a certificate of appealability because reasonable jurists would agree that dismissal of the Amended Petition as second or

---

[3] I previously denied petitioner's request for a guardian *ad litem* and will not revisit the request here.    (ECF No. 6.)

4

successive is correct.    28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, … jurists of reason would find it debatable whether the district court was correct in its procedural ruling.")

An appropriate Order accompanies this Opinion.

_/s/ Edward S. Kiel_____

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated:  June 10, 2026

5