**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSEPH ARUANNO,**<br>**Petitioner,**<br>**v.**<br>**STATE OF NEW JERSEY, *et al.*,**<br>**Respondents.** | **Case No. 25–cv–09881–ESK**<br><br>**OPINION** |

**KIEL, U.S.D.J.**

Petitioner Joseph Aruanno moves to vacate the order dismissing his amended petition for writ of habeas corpus under 28 U.S.C. §2254 (Amended Petition). (Motion) (ECF No. 33.)

Petitioner filed a habeas corpus petition in this District on May 20, 2002. *Aruanno v. Sherrer*, No. 02–cv–02446 (D.N.J. filed May 20, 2002) (First Petition).[1] District Judge Jerome B. Simandle advised petitioner of his rights pursuant to *Mason v. Meyers,* 208 F.3d 414 (3d Cir. 2000) on July 22, 2002 and September 18, 2002. (First Petition, ECF Nos. 3, 9.) The First Petition contained exhausted and unexhausted claims, and Judge Simandle denied the First Petition on its merits on December 27, 2005. (*Id.*, ECF No. 38.) Petitioner filed an appeal with the United States Court of Appeals for the Third Circuit. (*Id.*, ECF No. 40.) The Third Circuit affirmed the dismissal on May 12, 2008. *Aruanno v. Sherrer*, 277 F. App'x 155 (3d Cir. 2008).

Petitioner continued litigating his convictions and subsequent civil commitment, filing a second habeas petition on September 16, 2013. *Aruanno v. New Jersey*, No. 13–cv–05704 (D.N.J. filed Sept. 16, 2013) (Second Petition).

[1] I take judicial notice of the prior proceedings.

District Judge William J. Martini dismissed the Second Petition as an unauthorized second or successive habeas petition on October 8, 2013. (Second Petition, ECF No. 3.) Petitioner appealed. (*Id.*, ECF No. 5.) The Third Circuit agreed the Second Petition was not authorized and declined to grant petitioner permission to refile as his "new claims [did] not meet the requirements of" 28 U.S.C. § 2244." *Aruanno v. New Jersey*, No. 13–4256 (3d Cir. Feb. 27, 2014).

I dismissed the Amended Petition as an unauthorized second or successive §2254 petition on June 10, 2026. (ECF No. 32.) Petitioner seeks to vacate that order, asserting I missed "key" issues and erred in failing to appoint a guardian ad litem. (ECF No. 33 pp. 2, 6.) Petitioner does not assert which rule he invokes in the Motion, but I find no basis for relief under Federal Rule of Civil Procedure 59 (motion to alter or amend a judgment), Federal Rule of Civil Procedure 60 (motion for relief from judgment), or Local Civil Rule 7.1(i) (motion for reconsideration).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent this authorization, district courts lack jurisdiction over any second or successive § 2254 petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place.")

The Amended Petition challenges the same state court conviction that was the subject of the First and Second Petitions, and there is no indication that petitioner has received permission from the Third Circuit to file a second or successive petition. Therefore, I lack jurisdiction over the Amended Petition, and nothing in petitioner's Motion addresses that lack of jurisdiction.

I will not issue a certificate of appealability because reasonable jurists would agree that dismissal of the Amended Petition as second or successive was correct. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, … jurists of reason would find it debatable whether the district court was correct in its procedural ruling.")

An appropriate Order accompanies this Opinion.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: August 6, 2026